**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES RICOBENE and GINA RICOBENE, on behalf of plaintiffs and the class defined below, | ) ) ) | No. 1:10-cv-04224 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| NATIONWIDE CREDIT, INC. | ) ) | |
| Defendant. | ) ) ) | |

**ANSWER OF DEFENDANT NATIONWIDE CREDIT, INC.**

Now comes defendant Nationwide Credit, Inc ("NCI") and respectfully submits this answer to the plaintiffs' complaint. Unless specifically admitted, NCI denies each and every allegation in the complaint. With respect to the enumerated allegations NCI admits, denies, and alleges as follows:

**INTRODUCTION**

1. Plaintiffs James Ricobene and Gina Ricobene bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Nationwide Credit, Inc. Plaintiffs allege violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

ANSWER: NCI admits that the plaintiffs purport to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227. NCI denies each and every other allegation contained in paragraph 1 of the complaint and specifically denies that it has engaged in improper collection activities, or any other illegal practices, in connection with debt collection activities.

    2.    The TCPA restricts the use of automated equipment to dial cellular telephones.

ANSWER:    NCI states that the allegations contained in paragraph 2 of the complaint are legal conclusions to which no response is required.

## VENUE

    3.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1312(d).

ANSWER:    NCI states that the allegations contained in paragraph 3 of the complaint are legal conclusions to which no response is required. To the extent that further response is required, NCI denies the allegations contained in paragraph 3 of the complaint.

    4.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications were received by plaintiffs within this District;

    b.    Defendant transacts business within this District.

ANSWER:    NCI states that the allegations contained in paragraph 4 and of the complaint are legal conclusions to which no response is required.

## PARTIES

    5.    Plaintiffs James Ricobene and Gina Ricobene are individuals who reside in the Northern District of Illinois.

ANSWER:    NCI lacks sufficient information to form a belief as to the allegations contained in paragraph 5 of the complaint.

    6.    Defendant Nationwide Credit, Inc. is a corporation with offices at 2015 Vaughn Road, Kennesaw, Georgia 30144. It does business in Illinois.

ANSWER:    NCI denies the allegations contained in the first sentence of paragraph 6 of the complaint. NCI admits the allegations contained in the second sentence of

paragraph 6 of the complaint. NCI further states that it is a corporation with offices at 2016 Vaughn Road, Kennesaw, Georgia 30144.

7. Nationwide Credit, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect alleged debts originally owed to others.

ANSWER: NCI admits the allegations contained in paragraph 7 of the complaint.

### FACTS

8. Defendant has been attempting to collect from plaintiffs an alleged debt.

ANSWER: NCI denies the allegations contained in paragraph 8 of the complaint. NCI further states that it ceased collection activities with respect to the subject account on or about June 8, 2010.

9. On April 20, 2010, April 22, 2010, and possibly other occasions, plaintiffs received automated telephone messages placed by or at the direction of defendant on their cell phones seeking to collect the alleged debt.

ANSWER: NCI denies the allegations contained in paragraph 9 of the complaint. NCI further states that account records associated with the subject account indicate that NCI did not leave automated telephone messages on the plaintiffs' cell phones.

10. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, In which case the dialers attempt to connect the recipient with a debt collector.

ANSWER: NCI denies the allegations contained in paragraph 10 of the complaint. NCI further states that account records associated with the subject account indicate that NCI did not place any calls to either of the plaintiffs' cell phones using automated or predictive dialers.

11. Plaintiffs did not authorize the automated placement of calls to their cell phones.

ANSWER: NCI denies the allegations contained in paragraph 11 of the complaint.

12. Plaintiffs did not furnish their cell phone numbers to defendant or the putative creditor.

ANSWER: NCI denies the allegations contained in paragraph 12 of the complaint.

## COUNT I - TCPA

13. Plaintiffs incorporate paragraphs 1-12.

ANSWER: NCI reasserts and incorporates by reference its responses set forth in the preceding paragraphs as if set fully forth herein.

14. The TCPA, 47 U.S.C. §227, provides:

> § 227. Restrictions on use of telephone equipment
>
> . . .(b) Restrictions on me of automated telephone equipment,
>
> (1) Prohibitions, It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the 'United States—
>
> (A) to make any call (other than a call made fur emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> (iii) to nay telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

ANSWER: NCI states that allegations contained in paragraph 14 of the complaint are legal conclusions to which no response is required.

15. The TCPA, 47 §227(b)(3') further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

4

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (Ii) at this paragraph.**

ANSWER: NCI states that allegations contained in paragraph 15 of the complaint are legal conclusions to which no response is required.

16. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phones.

ANSWER: NCI denies the allegations set forth in paragraph 16 of the complaint.

17. Each plaintiff and class member is entitled to statutory damages.

ANSWER: NCI denies the allegations set forth in paragraph 17 of the complaint.

18. Defendant violated the TCPA even if their actions were only negligent.

ANSWER: NCI denies the allegations set forth in paragraph 18 of the complaint.

19. Defendant should be enjoined from committing similar violations in the future.

ANSWER: NCI denies the allegations set forth in paragraph 19 of the complaint.

## CLASS ALLEGATIONS

20. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes assigned to Illinois (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a. date 20 days following the filing of this action, (e) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

ANSWER: NCI admits that the plaintiffs purport to bring their claim on behalf of the proposed class described in paragraph 20 of the complaint. NCI specifically denies that certification of the proposed class, or of any class, is appropriate in this case.

21. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

ANSWER: NCI states that the allegations contained in the first sentence of paragraph 21 of the complaint are legal conclusions to which no response is required. NCI lacks information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 21 of the complaint.

22. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones;

  b. The manner in which defendants obtained the cell phone numbers;

  c. Whether defendants thereby violated the TCPA;

ANSWER: NCI states that the allegations contained in paragraph 22 of the complaint and each of its subparagraphs are legal conclusions to which no response is required. NCI specifically denies that certification of the proposed class, or of any class, is appropriate in this case.

23. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiff's have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

ANSWER: NCI lacks information sufficient to form a belief as to the allegations contained in paragraph 23 of the complaint.

6

24. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

ANSWER: NCI states that the allegations contained in paragraph 24 are legal conclusions to which no response is required. NCI specifically denies that certification of the proposed class, or of any class, is appropriate in this case.

25. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 N.D. Ill., April 7, 2008); Kayu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D. Wash. 2007); Gortho, Ltd., v. Websoly, 03 CH 15616 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc. 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc. 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inv. v. Graphics House Sports Promotions, Inc., 992 So.2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Nicholson v. Hooters of Augusta, Inc., 246 GA. App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax. Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

ANSWER: NCI states that the legal authorities identified in paragraph 25 of the complaint speak for themselves and, therefore, no response is required.

26. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

ANSWER: NCI denies the allegations set forth in paragraph 26 of the complaint.

### **PRAYER FOR RELIEF**

NCI admits that the plaintiffs have requested the forms of relief identified in the Prayer for Relief. NCI specifically denies that the plaintiffs are entitled to statutory damages, attorneys fees, litigation expenses, costs, injunctive relief, or any other form of relief whatever. NCI prays for judgment in its favor and against

7

plaintiffs as to each and every allegation of plaintiffs' Complaint and for its costs, including reasonable attorneys' fees, incurred in defense of this action.

## AFFIRMATIVE DEFENSES

1. The injuries, damages, and/or expenses alleged in the complaint were the direct and proximate result of the acts, omissions, negligence, fault and/or breach of duty of plaintiffs.

2. The plaintiffs' claims and/or those of the proposed class are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

3. The plaintiffs' claims and/or those of the proposed class are barred by the equitable doctrine of unclean hands. The plaintiffs' claims are barred and/or those of the proposed class are barred by applicable statutes of limitations.

4. Any claimed damages are subject to setoff or credit under law and equity for any funds owed in connection with the obligations referred to NCI for collection.

5. The plaintiffs' claims and/or those of the proposed class are subject to binding and enforceable arbitration agreements.

6. NCI reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, defendant NCI prays for judgment in its favor and against plaintiffs as to each and every allegation of its affirmative defenses.

Respectfully submitted,
Nationwide Credit, Inc.,


/s/ Alfred M. Swanson, Jr.
By one of its attorneys


Alfred M. Swanson, Jr.
Greene and Letts
111 W. Washington St., Suite 1650
Chicago, IL 60602
312/346-1100
X:\OCWEN FINANCIAL\RICOBENE 0135-00003\Pleading\08 09 10-Answer to Complaint.docx

9